_____ FILED    _____ ENTERED
_____ LODGED    _____ RECEIVED

**OCT 22 2002** PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV 02-2183  #1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JOEL HODGELL, an individual,

      Plaintiff,

      vs.

MEMOLINK INC., a New York corporation,
TRIFECTA ADVERTISING, LLC, a Colorado
limited liability company, MINDSHARE
DESIGN, INC., a California corporation, and
TOPICA, INC., a California corporation,

      Defendants.

NO. **C02-2183Z**

**NOTICE OF REMOVAL**

| | |
|---|---|
| TO: | The Clerk of the Court; |
| AND TO: | Plaintiff, JOEL HODGELL; |
| AND TO: | D. MICHAEL TOMKINS and THE LAW OFFICES OF D. MICHAEL TOMKINS, P.S., Attorneys for Plaintiff; |
| AND TO: | The Clerk of the Superior Court of the State of Washington, in the County of King at Seattle. |

      YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that Defendants MEMOLINK, INC., TRIFECTA ADVERTISING, LLC and MINDSHARE DESIGN, INC. hereby remove the above-captioned action from Superior Court of the State of Washington to the United States District Court for the Western District of Washington.

NOTICE OF REMOVAL - 1

**ORIGINAL**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone: (206) 624-6334
fax: (206) 624-6348

## GROUNDS FOR REMOVAL

This court has original jurisdiction of this action because of the diversity of citizenship of the parties. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The Plaintiff is a resident of the State of Washington. Defendant Memolink, Inc. is a New York Corporation and does not have a place of business in the State of Washington. Defendant Trifecta Advertising, LLC is a Colorado limited liability company and does not have a place of business in the State of Washington. Defendants Mindshare Design, Inc. and Topica, Inc. are California corporations and do not have places of business in the State of Washington. No defendant is a citizen of any state in which Plaintiff is a citizen. This notice of removal will be filed within 30 days after receipt of the complaint by the Defendants. Accordingly, the Defendants are entitled to remove this case to the United States District Court for the Western District of Washington.

A copy of all process, pleadings, and orders served upon the defendants is attached hereto.

DATED this 22nd day of October 2002

Respectfully Submitted,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____

Derek A. Newman, WSBA No. 26967
Roger Townsend, WSBA No. 25525

Attorneys for Defendants Memolink, Inc., Trifecta Advertising, LLC and Mindshare Design, Inc.

1001 Fourth Avenue, Suite 2560
Seattle, Washington 98154
(206) 624-6334 phone
(206) 624-6348 fax

NOTICE OF REMOVAL - 2

Received

OCT 1 6 2002

NEWMAN & NEWMAN

RECEIVED
In King County Superior Court Clerk's Office

SEP 2 6 2002

Cashier Section
Superior Court Clerk

[GLENNA S. HALL

## SUPERIOR COURT OF WASHINGTON
## IN AND FOR KING COUNTY

| | |
|---|---|
| JOEL HODGELL, an individual,<br><br>Plaintiff<br><br>v.<br><br>MEMOLINK INC., a New York corporation,<br>TRIFECTA ADVERTISING LLC, a Colorado limited liability company,<br>MINDSHARE DESIGN INC., a California corporation,<br>Topica, INC., a California Corporation.<br><br>Defendants | Cause No.:<br><br>**02-2-27842-6SEA**<br><br>COMPLAINT FOR DAMAGES AND RELIEF UNDER THE UNFAIR BUSINESS PRACTICES-CONSUMER PROTECTION ACT AND THE UNSOLICITED ELECTRONIC MAIL ACT |

COMES NOW, plaintiff, Joel Hodgell, by and through his attorney D. Michael Tomkins and brings this action against defendants named herein. The plaintiff alleges the following on information and belief:

### I. JURISDICTION AND VENUE

1.1. This complaint is filed and proceedings are instituted under the provisions of RCW 19.86, the Unfair Business Practices Consumer Protection Act, RCW 19.190, the Washington State Commercial Electronic Mail Act, and under the common law torts of trespass to chattels, harassment, and theft of services (RCW 4.04.010).

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
D. Michael Tomkins, P.S.
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

RETURN COPY

1.2.   Pursuant to RCW 19.86.090 and RCW 19.190, this court has proper subject and personal jurisdiction and proper venue.  Pursuant to RCW 19.86.160 the defendants have submitted themselves to the personal jurisdiction of the courts of this state within the meaning of RCW 4.28.180 and RCW 4.28.185.

1.3.   The violations alleged herein have been and are being committed in whole or in part in King County, in the State of Washington by defendants named herein.

## II. PLAINTIFF and DEFENDANTS

2.1.   Plaintiff, Joel Hodgell, is a resident of the State of Washington and of the County of King, an adult over the age of eighteen years, is located at 12712 Lake City Way NE 3, Seattle, WA 98125.

2.2.   Defendant Memolink, Inc. is an active for-profit New York corporation, with their principal business location in Lakewood, Colorado, conducting business in Washington State through Commercial e-mail solicitations and Internet websites, and has control of the content, transmission, activities and practices related to those internet transmissions and websites.

2.3.   Defendant Trifecta Advertising LLC is an active, for profit Colorado Limited Liability Company, with their principal business location in Lakewood, Colorado, conducting business in Washington State through Commercial e-mail solicitations and Internet websites, and has control of the content, transmission, activities and practices related to those internet transmissions and websites.

2.4   Defendant Mindshare Design, Inc. is an active, for-profit California Corporation with their principal business location in San Francisco, California, conducting business in Washington State through Commercial e-mail solicitations and

COMPLAINT FOR DAMAGES - 2

*LAW OFFICES OF*
*D. Michael Tomkins, P.S.*
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 207-5900*

Internet websites, and has control of the content, transmission, activities and practices related to those internet transmissions and websites.

2.5.    Defendant Topica, Inc. is an active, for-profit California Corporation with their principal business location in San Francisco, California, conducting business in Washington State through Commercial e-mail solicitations and Internet websites, and has control of the content, transmission, activities and practices related to those internet transmissions and websites.

## III. NATURE OF TRADE OR COMMERCE

3.1.    Defendants, initiated the transmission, and/or conspired with unknown associates to initiate the transmission, and/or assisted the transmission (RCW 19.190.010(1), to plaintiff, of many dozens of commercial electronic mail messages (within the meaning of RCW 19.190.010(2)), also known as "spam", that promoted websites hosted by the defendants' unknown associates or by the defendants themselves.

3.2.    Said messages are not "an electronic mail message to which an interactive computer service provider has attached an advertisement in exchange for free use of an electronic mail account, when the sender has agreed to such an arrangement" (RCW 19.190.010(2)).  The defendants have a long history of spamming as found at SPEWS, "Spam Prevention Early Warning System", at http://www.spews.org/html/S809.html and as found at the Usenet groups news.admin.net-abuse.email and news.admin.net-abuse.sightings.

3.3.    Pursuant to RCW 19.190.020(2) the defendants knew or had reason to know that they sent unsolicited commercial electronic mail to Washington State

COMPLAINT FOR DAMAGES - 3

*LAW OFFICES OF*
**D. Michael Tomkins, P.S.**
*8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990*

residents. All of the plaintiff's email addresses that were spammed by the defendants are registered at http://registry.waisp.org and the plaintiff's residency status information for his email addresses are available upon request from the registrant of the Internet domain names found in his email addresses and from the plaintiff directly.

3.4. The defendants are in competition with others in the State of Washington engaged in similar business.

## IV. FIRST CAUSE OF ACTION – VIOLATIONS OF RCW 19.190

4.1. Plaintiff realleges Paragraphs 3.1 through 3.4 and incorporate them herein as if set forth in full.

4.2. Electronic mail messages sent via the Internet contain a header, which tells the recipient the source of the original message, as well as any points of transmission on the message's path to the eventual recipient. A typical header will show the path of computers that sent the electronic mail message to the ultimate recipient. The specific computers are identified by a series of computer and domain names, and Internet protocol address numbers. Often there are several computers involved in transmitting the message to its final destination. By examining the names and numbers which identify each computer along the transmission path, it is possible to determine who originally sent the message, and which Internet service providers transmitted it to its ultimate recipient.

4.3. Defendant Memolink-Trifecta used defendant Mindshare Design's Postmaster General (PMG) and Topica's Email Publisher email list management services to send their unsolicited bulk emails ("spam") to the plaintiff. The true origin of dozens of Memolink's spams were from some unknown Internet location, but were

COMPLAINT FOR DAMAGES - 4

finally sent through Mindshare Design's Postmaster General servers.  Many dozens of

the Memolink-Trifecta spams said "Trifecta01@ofr.mb00.net", "Just For You

<Trifecta01.10@reply.mb00.net>", "'Your Opportunity . . .'

<Trifecta01.14@reply.mb00.net>", "Secret Admirer <Trifecta01.17@reply.mb00.net>"

and "Message sent by Mindshare Design customer with ID "Trifecta01"".  Unless a

recipient is familiar with an Internet WHOIS search they would not know mb00.net

belongs to defendant Mindshare Design.  In dozens of these spams, there was no way

for the recipient to know the true identity and origin of the "Mindshare Design customer

with ID "Trifecta01", from the email header or their spam's content.

When the plaintiff called defendant Mindshare Design in April 2002, they refused

to release the true identity of "Trifecta01".  From the header information it was

impossible to tell if "Trifecta01" was another company or defendant Mindshare Design

itself.  One of Mindshare Design's selling points to their clients is the ability for their

customers to make their spams look like they appear from wherever they want them to

originate from, or to just use a useless misleading "data sink", "/dev/null/" default

"userID@mb00.net" email address, which ignores and discards all email replies sent to

it.  Defendants Mindshare Design and Topica have flawed business models because

they allow their clients to hide their true identity by totally anonymizing their identity

while Mindshare Design and Topica send out their clients spam and provide substantial

additional aid by helping their clients clean their bogus "opt-in" spam lists of email

addresses that were falsely and deceptively put on those spam lists to begin with.

Accordingly, all defendants misrepresented the transmission path of their email

COMPLAINT FOR DAMAGES - 5

messages by misrepresenting and obscuring their true point of origin, in several ways,

1     and thus, clearly violated RCW 19.190.020(1)(a).

2          4.4.    Defendant Memolink-Trifecta used the third party Internet domains names

3     "mb00.net" and "topica.com" and "email-publisher.com" to send their unsolicited spams

4     to the plaintiff. Memolink-Trifecta does not own "mb00.net", "topica.com" and "email-

5     publisher.com". The owner of "mb00.net" is defendant Mindshare Design, and Topica

6     Inc. owns "topica.com" and "email-publisher.com" who both have made it very clear in

7     their Acceptable Use Policies and legal statements they do not give their customers

8     permission to use their domains or services for sending unsolicited bulk emails.

9     Mindshare Design and Topica Inc. also require all of their customers to keep detailed

10    records as to where, when and how any email addresses were obtained by true "opt-in"

11    means by their customers. Defendant Memolink-Trifecta has no such records for how

12    they obtained the plaintiff's email address they spammed hundreds of times. Plaintiff

13    never subscribed to defendants' spam lists. Defendant Memolink-Trifecta obtained the

14    plaintiff's email address through some unknown means. Defendant Mindshare Design

15    warned their customers at their mindsharedesign.com website to not use third party

16    sources for obtaining email addresses. Clearly, defendant Memolink-Trifecta used third

17    party Internet domain names "mb00.net", "topica.com" and "email-publisher.com" in

18    their spams, without their owner's permission, and thus violated RCW 19.190.020(1)(a).

19

20         Defendants Mindshare Design Inc. and Topica Inc. have failed to enforce their

21    own Acceptable Use Policies and thus have "assisted" the spamming done by

22    defendant Memolink-Trifecta within the meaning of RCW 19.190.010(1) and (4).

23         4.5.    On 19 April 2002, defendant Memolink-Trifecta started spamming from

24    their own domain name of justforyounewsletter.com, which is registered to defendant

25

26

COMPLAINT FOR DAMAGES - 6

LAW OFFICES OF
**D. Michael Tomkins, P.S.**
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

Trifecta Advertising.  The plaintiff was then finally able to learn defendant Memolink-Trifecta was indeed responsible for all of the "Trifecta01" spams sent from the mb00.net Internet domain, and defendant Andrew Wolf verified this too on 19 April 2002.  In at least eight of the defendant Memolink-Trifecta's spams, they sent them using their domain name justforyounewsletter.com, which should have assigned IP numbers of 204.99.158.4 or 204.99.158.5, but were really sent from untraceable, unassigned and totally obscured private network IP numbers, such as 172.16.1.134.  Clearly, the defendants did misrepresent or obscure any information in identifying the point of origin or the transmission path of a commercial electronic mail message, and clearly violated RCW 19.190.020(1)(a).

4.6.    The defendants also used third party Internet domain name Hotmail.com, owned by Microsoft Inc., without their permission in the "to" field, which is part of the transmission path.  Hotmail.com is supported by paid advertisements, and not by the unpaid, unrequested, unpermitted, misleading and parasitic commercial email messages sent by the defendants.  Clearly, the defendants' spamming practices are an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, and such practices have been declared unlawful by the Washington State legislature in RCW 19.190 and RCW 19.86.

4.7.    Many of the defendants' spams had false or misleading subject lines in them, such as: "It's too late?" and "Pinch me" and "Never Pay Another Phone Bill Again!"  It is a violation of RCW 19.190.020(1)(b) to send a commercial electronic mail message that contains false or misleading information in the subject line, and clearly defendant Memolink-Trifecta has violated RCW 19.190.020(1)(b).

4.8.    It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in

COMPLAINT FOR DAMAGES - 7

LAW OFFICES OF
D. Michael Tomkins, P.S.
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 · Fax (206) 297-5990

Washington or to an electronic mail address that the sender knows, or has reason to

know, is held by a Washington resident that uses a third party's internet domain name

without permission of the third party, or otherwise misrepresents or obscures any

information in identifying the point of origin or the transmission path of a commercial

electronic mail message, and/or contains false or misleading information in the subject

line.  Pursuant to RCW 19.190.020(1)(a)(b), each Count in this First Cause of Action is

a separate and distinct violation of RCW 19.190, and pursuant to

RCW 19.190.030(1)(a)(b), (2), and (3) constitutes a separate and distinct violation of the

Consumer Protection Act, RCW 19.86.

### V.  SECOND CAUSE OF ACTION – VIOLATIONS OF RCW 19.86

5.1.    Plaintiff realleges Paragraphs 3.1 through 4.8 and incorporates them

herein as if set forth in full.

5.2.    Each Count in the First Cause of Action also constitutes a separate and

distinct act of an unfair method of competition and unfair or deceptive act or practice in

the conduct of any trade or commerce, has been declared unlawful, and violates RCW

19.86 (RCW 19.86.020, et seq.), the Washington Consumer Protection Act.

### VI.  THIRD CAUSE OF ACTION – COMMON LAW TORTS OF TRESPASS TO CHATTELS, HARASSMENT, AND THEFT OF SERVICES

6.1     Plaintiff realleges Paragraph 3.1 through 5.2 above, and incorporates

them herein as if set forth in full.

6.2.    Each Count in of the First and Second Causes of Action also constitute

separate and distinct acts of trespass to chattels onto the personal property of plaintiff.

COMPLAINT FOR DAMAGES - 8

*LAW OFFICES OF*
**D. Michael Tomkins, P.S.**
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*

6.3.    Each Count in of the First and Second Causes of Action after the
defendants were told by the plaintiff to not spam him any more, and/or were first served
with this lawsuit, also constitute separate and distinct acts of harassment.

6.4.    Each Count in of the First and Second Causes of Action also constitute
separate and distinct acts of theft of services, services that the plaintiff paid and pays
for.

6.5.    As a proximate result of defendants' conduct in each and every Count in
the First, Second and Third Causes of Action, plaintiff has experienced loss of use, loss
of value, and additional work and expenses relating to his computer equipment and
Internet service which he paid and pays for.

## VII.  PRAYER  FOR  RELIEF

WHEREFORE, plaintiff, JOEL HODGELL prays for relief as follows:

7.1.    That the Court adjudge and decree that defendants have engaged in the
conduct complained of herein.

7.2.    That the Court adjudge and decree that the conduct complained of
constitutes violations of the Commercial Electronic Mail Act, Chapter 19.190 RCW, and
pursuant to RCW 19.190.030(2) and (3) constitute separate and distinct *per-se* violations
of the Consumer Protection Act, RCW 19.86.

7.3.    That the Court adjudge and decree that the conduct complained of
constitutes unfair or deceptive acts or practices and unfair methods of competition in
violation of the Consumer Protection Act, Chapter 19.86 RCW.

COMPLAINT FOR DAMAGES - 9

*LAW OFFICES OF*
**D. Michael Tomkins, P.S.**
*8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990*

7.4.    That the Court adjudge and decree that the conduct complained of constitutes separate and distinct acts of trespass to chattels, harassment, and theft of services.

7.5.    That the Court assess damages, pursuant to RCW 19.190.040(1), of five hundred dollars ($500.00) per violation against defendants for each and every, separate and distinct violation of RCW 19.190, and for additional violations while this civil action is pending, to be paid by the defendants to the plaintiff.

7.6.    That the Court assess treble punitive damages, pursuant to RCW 19.86.090, for each and every separate and distinct violation of RCW 19.190 (RCW 19.190.040(1)) and for additional violations while this civil action ins pending, to be paid by the defendants to the plaintiff.

7.7.    That the Court assess civil penalties pursuant to RCW 19.86.140, of two thousand dollars (USD$2,000), for each and every, separate and distinct violation of RCW 19.86.020 caused by the conduct complained of herein, and for each additional violation while this civil action is pending, to be paid by the defendants to the plaintiff.

7.8.    That the Court assess an award of damages for each count, for each and every, separate and distinct act of trespass to chattels, harassment, and theft of services violation, and for each additional violation while this civil action is pending, to be paid by the defendants to the plaintiff.

7.9.    That the Court assess treble punitive damages, pursuant to RCW 19.86.090, for each and every separate and distinct violation found in 7.8.

7.10.    That the Court issue a permanent injunction enjoining and restraining defendants and their representatives, successors, assigns, officers, agents, servants,

COMPLAINT FOR DAMAGES - 10

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 - Fax (206) 297-5900*

employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with defendants from continuing or engaging in the unlawful conduct complained of herein.

7.11. That the Court make such orders pursuant to RCW 19.86.080 to provide that plaintiff have and recover from the defendants the cost of this action, including reasonable attorney's fees.

7.12. That the Court order such other relief as it may deem just and proper to fully and effectively dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to the Court.

Dated: September 25, 2002.

D. MICHAEL TOMKINS, WSBA #4979
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 11

LAW OFFICES OF
D. Michael Tomkins, P.S.
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 202-5090