The Honorable Thomas S. Zilly

CC TO JUDGE DJ
FILED _____ ENTERED
LODGED _____ RECEIVED
NOV 07 2002 DJ
AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

CV 02-02183 #00000004

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOEL HODGELL, an individual<br><br>Plaintiff,<br><br>v.<br><br>MEMOLINK, INC., a New York corporation, TRIFECTA ADVERTISING, LLC, a Colorado limited liability company, MINDSHARE DESIGN, INC., a California corporation, TOPICA, INC., a California corporation<br><br>Defendants. | NO.  C02-2183Z<br><br>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT THEREOF<br><br>NOTE ON MOTION CALENDAR:<br>November 29, 2002 |

## I.  INTRODUCTION

Defendants Memolink, Inc., Trifecta Advertising, LLC, and Mindshare Design, Inc. (collectively "Defendants") herein move to dismiss this action with prejudice for lack of personal jurisdiction. Defendants have had no contacts with Plaintiff other than through the distribution of commercial e-mail via the Internet  Defendants are all out-of-state corporations, none of which have a physical presence in the state of Washington. Accordingly, Defendants have not availed themselves of this forum and haling them into Court would offend the constitutional principles of due process.

Plaintiff has previously brought identical claims in King County District Court

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 1

**ORIGINAL**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

against other clients of this firm, and the claims were dismissed for lack of personal jurisdiction. The District Court awarded terms, and a judgment of $6,925 was entered against Plaintiff. Plaintiff has not satisfied the judgment against him. Moreover, Plaintiff, along with another party, has brought these same claims against an unrelated defendant which another judge in this judicial district dismissed for lack of personal jurisdiction. Plaintiff has subsequently brought multiple actions in the Western District of Washington and Superior Court of Washington alleging the same claims against out-of-state third parties. To Defendants' knowledge, however, Plaintiff has yet to establish jurisdiction in any of the multiple claims for harms from the receipt of commercial e-mail. Plaintiff's use of the court system for e-mail claims in bad faith against out-of-state defendants has subjected Defendants, and multiple other parties, to unnecessary and unjustified expense; yet Plaintiff has been unwilling to satisfy the judgment that the courts imposed upon him.

This district would benefit from a published ruling regarding the discrete legal question of whether commercial e-mail alone can establish jurisdiction in a forum. Defendants respectfully request that the Court follow the authority and analysis of the Ninth Circuit and the other courts which have addressed this question and dismiss this lawsuit for lack of personal jurisdiction and award terms in favor of Defendants.

## II.   FACTS

### A.   Procedural History

In or about March 2002, Plaintiff filed a complaint against "Daniel Amato, George Amato, d/b/a Samson Distributing Inc., SDI & SDI-LABS.COM" in King County District Court (the "Prior Action"). *See* Townsend Decl. at ¶ 2. The Prior Action alleged that Messrs. Amato, by and through their business Samson Distributing, violated Washington statutory and common law for sending unsolicited commercial e-mail to Plaintiff. Defendants moved to dismiss the Prior Action for lack of personal jurisdiction. The state court dismissed the Prior Action and awarded terms to Mr. Amato and entered judgment

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 2

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

1  against Plaintiff in the amount of $6,925. *See* Townsend Decl. at ¶ 2. That judgment has
2  been sent to collection and has not been satisfied by Plaintiff.
3          Plaintiff subsequently brought the instant action in King County Superior Court
4  alleging damages resultant from e-mails sent to Plaintiff's e-mail addresses. Defendants
5  removed the lawsuit to this Court. Defendants move to dismiss the case for lack of
6  personal jurisdiction and requests an award of fees pursuant to WASH. REV. CODE §
7  4.28.185(5) and FED. R. CIV. P. 11(c).
8          Plaintiff has had other actions dismissed for lack of personal jurisdiction under
9  substantially similar jurisdictional facts. *See* Townsend Decl. at ¶¶ 5, 6. Judge
10 Coughenour dismissed Plaintiff Hodgell's and another Plaintiff's (Konek) claims against
11 an unrelated third party. *See* Case # C02-1313C, Order of Dismissal attached to
12 Townsend Decl. Plaintiff has had at least nine other cases for harms from unsolicited
13 commercial email dismissed in Washington state courts in King County. *See* Townsend
14 Decl. at ¶ 5.
15         Defense counsel represents third party defendants in a substantially similar action
16 with substantially similar jurisdictional facts before Judge Pechman. *See* Case #C02-
17 2184P. Defense counsel has moved to dismiss that case for lack of personal jurisdiction,
18 which is noted on the same date as the instant matter.
19 B.    <u>Jurisdictional Facts</u>[1]
20         Defendant Memolink, Inc. ("Memolink") is a New York corporation with its
21 principal, and only, place of business in Colorado. *See* Asseoff Decl. at ¶ 2. Defendant
22 Trifecta Advertising, LLC ("Trifecta") is a Colorado limited liability company with its
23 principal, and only, place of business in Colorado. *Id.* at ¶ 4. Defendant Mindshare
24 Design, Inc. ("Mindshare") is a California corporation with its principal, and only, place
25 of business in California. *See* Bernard Decl. at ¶ 2. Defendants Memolink, Trifecta and
26 Mindshare are collectively referred to herein as "Defendants."

---

[1] This motion is limited to personal jurisdiction issues. However, Defendants would like the Court to know that their electronic mail solicitations do not give rise to a cause of action because, amongst other things, they are not false and misleading, and therefore, Defendants would prevail if the case were heard on the merits

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 3

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

1  Defendant Memolink has an ownership interest in Trifecta, but the two businesses
2  remain separate and distinct. *See* Asseoff Decl. at ¶ 3. Trifecta advertises via e-mail, but
3  transmits e-mail advertisements through the Internet to no particular destination. In
4  addition, neither Trifecta nor Memolink have targeted any bulk e-mail or other
5  advertisements to the State of Washington. *See* Asseoff Decl at ¶ 7. Additionally,
6  neither Memolink nor Trifecta have an office, statutory agent, or telephone listing in
7  Washington. Nor does Memolink or Trifecta have any employees, vendors, bank
8  accounts, licenses or other operations in Washington. *See* Asseoff Decl. At ¶ 6.

9  Defendant Mindshare does not advertise via e-mail on its own, or any other
10 party's, behalf. Mindshare is in the business of providing the infrastructure to allow its
11 customers to send high-volume e-mails themselves. *See* Bernard Decl. at ¶ 3. Mindshare
12 does not transmit its custoemers' e-mail messages itself; it just provides the technical
13 means for its customers to do so. *See* Bernard Decl. at ¶ 4. In addition, like defendants
14 Memolink and Trifecta, defendant Mindshare has no employees, vendors, bank accounts,
15 licenses or operations in Washington. Furthermore, Mindshare does not have an office,
16 statutory agent, or telephone listing in Washington. *See* Bernard Decl. At ¶ 6. As with
17 the other defendants, Mindshare has no contact, in any way, with the State of
18 Washington. *See* Bernard Decl. at ¶ 7.

19 The e-mail addresses to which e-mails are sent do not contain area codes or
20 mailing addresses that would designate the location of the recipient. Moreover, e-mail
21 can be accessed anywhere in the world via the Internet and, as a result, e-mail cannot be
22 sent to a particular geographic location. *See* Townsend Decl. at ¶ 3.

23 Plaintiff relies on his allegations that the subject e-mail addresses are registered
24 with <http://registry.waisp.org> (the "WAISP Site") as somehow establishing personal
25 jurisdiction. The WAISP Site is a Web Site operated by "Washington Association of
26 Internet Service Providers." The WAISP Site permits registered users to input a single e-
27 mail address and the Site will send an e-mail message to the registered user stating
28 whether the entered e-mail address was "found" in its database "as belonging to a

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 4

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

Washington e-mail address holder." The e-mail message sent by the WAISP Site does not indicate which e-mail in question was in its database. Therefore, the registered user must enter a single e-mail address and wait for an e-mail message from the WAISP Site regarding whether it address is included in the database. The WAISP Site does not permit bulk review of e-mail addresses. *See* Townsend Decl. at ¶ 9.

Finally, Plaintiff has not alleged a business relationship with any of the Defendants. Plaintiff has not alleged that Defendants have provided him goods or services. The only alleged relationship between Plaintiff and Defendants is that Defendants distributed e-mails over the Internet which Plaintiff fortuitously accessed while in the State of Washington.

### III.   ISSUE PRESENTED

1. Whether constitutional due process provides for jurisdiction on a defendant whose only contact with the forum arises from e-mails available and distributed over the Internet which may be accessed anywhere in the world, including the forum.

### IV.   ARGUMENT AND AUTHORITY

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a Court may dismiss a motion for "lack of jurisdiction over the person." FED. R. CIV. P. 12(b)(2). The plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. See *Flynt Distrib. Co., Inc. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir. 1984); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins Co.,* 907 F.2d 911, 912 (9th Cir. 1990). When defendant's motion to dismiss is made as its initial response, plaintiff only needs to make a prima facie showing that personal jurisdiction exists. See *Data Disc, Inc. v. Sys Technology Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See *WNS, Inc v. Farrow,* 884 F.2d 200, 203-04 (5th Cir. 1989).

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 5

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, a defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." *International Shoe Co. v. Korea*, 326 U.S, 310, 316 (1945).[2]

The purpose of the "minimum contacts" requirement is to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty imposed by their status in the federal system. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum, and the litigation. *Shaffer v Heitner*, 433 U.S. 186 (1977). To establish that the Court has *in personam* jurisdiction over the defendant, the plaintiff must establish general or specific jurisdiction over the defendant. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3rd Cir. 1990). "'[S]pecific jurisdiction,' is invoked when the claim is related to or arises out of the defendant's contacts with the forum." *Id.* (citation omitted). If the claim does not relate to the defendant's contacts with the forum, then the defendant must make a greater showing of contact to establish general jurisdiction.

**1. Plaintiff Cannot Establish Specific Jurisdiction with Regard to Defendants.**

Specific jurisdiction is satisfied only if the defendant has "purposefully directed" its activities at residents of the forum. *Keeton v Hustler Magazine, Inc*, 465 U.S. 770,

---

[2] The first step in analyzing personal jurisdiction is to look at Washington's long arm statute, RCW 4 28 185 In the instant matter, the Washington long arm statute does not further limit the scope of jurisdiction beyond the Constitution Thus, the Washington and Constitutional analysis are identical

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 6

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

774 (1984). Additionally, the litigation must result from injuries that "arise out of or relate to" those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In that respect, the Ninth Circuit uses a three-part test to determine whether a district court may exercise specific jurisdiction over a nonresident defendant:

> " (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) the claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) exercise of jurisdiction must be reasonable."

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted).

### (i) Defendants did not "purposefully avail" themselves to the state of Washington.

The "purposeful availment" requirement of part (1) is satisfied only where the plaintiff demonstrates that the defendant's contacts with the forum state proximately create a "substantial connection" with the forum state, and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. *Burger King Corp.*, 471 U.S. at 474-75.

Whether sending commercial electronic mail over the Internet is sufficient to establish personal jurisdiction has not been ruled upon by the Federal Courts[3]. Applying the Ninth Circuit's standards and the overwhelming weight of authority addressing personal jurisdiction on the Internet supports dismissal of the instant matter. The Ninth Circuit addressed the issue of purposeful availment as applied to Internet websites in the seminal case, *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). The *Cybersell* Court held that, in order for a website to give rise to personal jurisdiction, the website must have some presence in that jurisdiction and that it is not sufficient that it merely operates a "passive" website. In *Cybersell*, the Ninth Circuit held that registering a domain name identical to a trademark and posting a web site via such domain name on

---

[3] The Washington State Supreme Court recently ruled that Washington's commercial electronic mail act, WASH REV CODE ch. 19 190, does not violate the Dormant Commerce Clause, but expressly did not address whether sending e-mail is sufficient to establish personal jurisdiction *State v Heckel*, 143 Wn 2d 824 (2001) (noting that the "jurisdictional question [is] not at issue in this case")

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 7

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another. See *Cybersell*, 130 F.3d at 418. There must be "something more" to demonstrate that the defendant purposefully directed his activity in a substantial way toward the forum state. *Id* In *Cybersell*, defendant Cybersell, Inc. (a Florida corporation) registered the domain name <cybersell.com>. Plaintiff Cybersell, Inc. (an Arizona corporation) had submitted an application to the United States Patent and Trademark Office to register the name CYBERSELL as a service mark, and had previously operated a web site using the mark. At the time Cybersell-FL registered the domain name, Cybersell-AZ's web site had been taken down for reconstruction and the application for the service mark had not yet been approved. When Cybersell-AZ discovered defendant's web site, it filed a trademark infringement action in the District of Arizona. The Court found that defendant's use of the Cybersell name on an essentially passive web site advertisement did not constitute purposeful availment of the privilege of doing business in the state of Arizona because defendant had no contacts with Arizona other than maintaining a web page accessible to anyone over the Internet. *Id. at 419; see also Bensusan Restaurant Corp. v. King, 937 F Supp. 295 (S.D N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997)* (holding that personal jurisdiction was improper as to a defendant who merely posted information on its Website).

    The Ninth Circuit's reasoning in *Cybersell* applies in the present matter. Like the defendant in that case, Defendants' actions are distributed throughout the Internet without any purposeful direction towards any particular forum. Plaintiff's location can not be discerned from his e-mail addresses. Indeed, Plaintiff can access his e-mail accounts via any Internet-enabled device located in any city, state or country on the planet. Thus, Plaintiff's e-mail address is in no way linked to the State of Washington.

    Propagating information through e-mail is no different than making information available through a passive Website. E-mail and Websites both distribute content to individual computers via the Internet; they simply use different transmission protocols. Internet content is distributed across the globe in the same technical fashion, regardless of

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 8

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

whether the content is transmitted as an Internet world wide web site through TCP/IP protocol, or by e-mail. From a jurisdictional standpoint, E-mail and Websites are indistinguishable. Thus, the reasoning and holding in *Cybersell* controls.

Plaintiff alleges that his location could be determined by inputting the e-mail address into the Internet domain, http://registry.waisp.org/, a Website operated by the "Washington Association of Internet Service Providers" ("WAISP"). Said Website permits registered users to input an e-mail address and WAISP will send an e-mail to the registered user indicating whether the e-mail address is registered with WAISP. This interactive process is insufficient to establish jurisdiction in Washington. The *Cybersell* court addressed that the defendant could have simply performed a trademark search to determine the potential plaintiff in Arizona, but held that due process does not require such a burden on those making information available over the Internet. Indeed, the defendant in *Cybersell* could have taken action to determine whether the visitors of its website were located in a particular place – but it did not, and therefore did not avail itself of the plaintiff's forum.

The Ninth Circuit has ruled that e-mail alone is insufficient to establish personal jurisdiction. In *Siskiyou Properties, LLC v. Bennett Holdings, LC*, 13 Fed. Appx. 553, 2001 U.S. App. LEXIS 14429 (9th Cir. 2001), the Ninth Circuit held that "dozens [of] telephone, mail, fax and e-mail" sent to Oregon were not sufficient to establish purposeful availment in Oregon. The Ninth Circuit so held despite the fact that mail addresses clearly indicate the state to which the mail is sent without having to resort to a Website. The Ninth Circuit, citing *Burger King,* 471 U.S. 478, noted that "a contract alone does not automatically provide the required minimum contacts for the exercise of personal jurisdiction." *Siskiyou Properties*, 2001 U.S. App. LEXIS at 6-7.

In fact, it is well-settled in the Ninth Circuit and other circuits that phone calls, mailings and fascimile do not provide for personal jurisdiction. *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (telephone and mail contacts alone are insufficient to satisfy the purposeful availment test); *see also Thos. P. Gonzalez Corp v. Consejo*

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 9

1  *Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980) ("use of the
2  mails, telephone, or other international communications simply do not qualify as
3  purposeful activity invoking the benefits and protection of the [forum] state"). For
4  example, in *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247
5  (11th Cir. 2000), the defendant and plaintiff engaged in regular, first-class mail, e-mail,
6  facsimile and telephone communications and the defendant performed services for the
7  defendant, yet the Eleventh Circuit held that the defendant had not purposefully availed
8  itself of the Plaintiff's jurisdiction. In *Condon v. Flying Puck, LLC.*, 35 Fed. Appx. 173,
9  2002 U.S. App. LEXIS 9091 (6th Cir. 2002), the Sixth Circuit held that where an
10 employee negotiated a contract with his future employer in the state of Ohio and
11 exchanged e-mails, phone calls and faxes between California and Ohio, that the
12 constitution mandated dismissal of plaintiff's case in Ohio. *See also Bell Paper Box, Inc.*
13 *v. Trans Western Polymers, Inc.*, 53 F.2d 920, 923 (8th Cir. 1995) (the use of mail or
14 telephone from outside a state is insufficient alone to establish minimum contacts with the
15 forum state); *T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Assoc.*, 749 F.2d 523, 525 (8th
16 Cir. 1984) (contact by phone or mail is insufficient to justify exercise of personal
17 jurisdiction); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (6th Cir. 1994)
18 ("the use of interstate facilities such as the telephone and mail is a secondary or ancillary
19 factor and cannot alone provide the minimum contacts required by due process").

20       The foregoing authority demonstrates that contracts, mailings, facsimiles, e-mails
21 and telephone calls (which would include an area code) in which the defendant has a
22 business relationship with the plaintiff is not sufficient to establish personal jurisdiction.
23 According to the Ninth Circuit and other federal courts, Defendants would not have
24 subjected themselves to jurisdiction by postal mailing directly to Plaintiff at his home in
25 Washington the same advertisements to which Plaintiff objects in this case. In fact,
26 Defendants could have actually entered into a contract with Plaintiff without being
27 subject to Washington state jurisdiction. Therefore, sending an e-mail message over the
28 Internet with no foreseeable destination does not purposefully avail the sender to a forum

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 10

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

in which such e-mail may be accessed, and cannot alone give rise to jurisdiction.

///

### (ii)   The Alleged Conduct by Defendants did not Arise Out of this Forum

If the Court finds that Defendants did not purposely avail themselves of this forum, then it does not need to reach the second and third prongs of the Ninth Circuit's specific jurisdiction test. If the Court does address those prongs, it should find that plaintiff cannot establish that the claim "arises out of" actions in the state of Washington and that it is unreasonable to find jurisdiction in Washington.

To determine whether a claim arises out of forum-related activities, courts apply a "but for" test. *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995). The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's claim arises out of a defendant's forum related activities. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). The "arising out of" requirement of the specific jurisdiction test is met if "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. See *Terracom, 49 F.3d at 561*. In *Shute v Carnival Cruise Lines*, the Ninth Circuit reasoned that:

> the ' but for' test is consistent with the basic function of the 'arising out of' requirement--it preserves the essential distinction between general and specific jurisdiction. Under this test, a defendant cannot be haled into court for activities unrelated to the cause of action in the absence of a showing of substantial and continuous contacts sufficient to establish general jurisdiction. . . . The 'but for' test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum.

*Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990) *rev'd on other grounds*, 499 U.S. 585 (1991)). Plaintiff cannot establish that "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. To the contrary, plaintiff's allegations assert that Defendants' actions arise from conduct in the states other than Washington. Defendants created e-mail messages outside of Washington on computers in other states (California and Colorado) and made them available globally via the Internet. Plaintiff does not allege any relationship between itself and Defendants, in Washington or otherwise. Even taking the allegations in the complaint as true, plaintiff

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 11

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

cannot satisfy the Ninth Circuit's "but for" requirement to find specific jurisdiction.

### (iii) It would not be reasonable to assert personal jurisdiction over Defendants.

The reasonableness prong of the Ninth Circuit test requires that the Court's exercise of jurisdiction comport with "fair play and substantial justice." *Burger King*, 471 U.S. at 477-78. The factors that the Court must consider are:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convEnient and effective relief, and (7) the existence of an alternative forum. *Id.*

No one factor is dispositive, and the district court must balance all seven. *Core-Vent Corp. v. Nobel Indus, A.B.*, 11 F.3d 1482, 1488 (9th Cir. 1993).

The Ninth Circuit has held that "[t]he degree to which a defendant interjects himself into the state affects the fairness of subjecting him to jurisdiction." *Data Disc, Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1288 (9th Cir. 1977). Defendants' interjections into Washington are attenuated and merely the result of the global availability of the Internet, and the first factor weighs in favor of a finding of no specific jurisdiction.

The second factor in the reasonableness test clearly weighs in favor of dismissal. Defendants' burden in proceeding in this forum is substantial. The burden on three out-of-state defendants to litigate this claim in Washington is significantly greater than the burden facing plaintiff. Defendants' principal places of business are in California and Colorado. See Asseoff Decl. at ¶¶ 2, 4; Bernard Decl. at ¶ 2. All the witnesses for Defendants work and reside outside of Washington, in California or Colorado. *See* Asseoff Decl. at ¶ 6; Bernard Decl. at ¶ 6. Thus, considering the various states where Defendants' transact business, and the number of witnesses that would be required to travel to Washington, the burden on Defendants to litigate this claim is significantly greater than the burden on Plaintiff. Moreover, even if the burdens were equal, this factor

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 12

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

would tip in favor of the Defendants because the law of personal jurisdiction is "primarily concerned with the defendant's burden." *Terracom*, 49 F.3d at 561.

The efficiency of the forum also weighs against a finding of reasonableness. In evaluating this factor, the Ninth Circuit has looked primarily at the location of the witnesses and evidence. *Core-Vent Corp. v. Nobel Indus., A.B.*, 11 F.3d 1482, 1489 (9th Cir. 1993). In the present matter, the majority of the witnesses are located in various other states. The Defendants' witnesses likely would be employees or agents of their respective companies, located in either California or Colorado. In fact, Plaintiff has not identified a single third party witness located in Washington. *See* Compl. Any evidence related to damages resulting from Defendants' conduct would be located outside of Washington. While litigating in these other states would no doubt inconvenience plaintiff, "neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the plaintiff." *Core-Vent*, 11 F.3d at 1490.

The burden to the Defendants in litigating in this forum is high. All Defendants reside outside of Washington state. Therefore, forcing Defendants to litigate in Washington, bringing witnesses and employees, would be unduly burdensome and unreasonable.

**2. Defendants are not subject to general jurisdiction in Washington because they did not have substantial, continuous or systematic activities in this state.**

A court may assert either general or specific jurisdiction over a defendant. Plaintiff does not and cannot allege general jurisdiction in this case. General jurisdiction exists when a defendant is domiciled in the forum state or when its activities there are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). The standard for establishing general jurisdiction is "fairly high," *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires that the defendant's contacts be of the sort that approximate physical presence. See *Gates Lear Jet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 13

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

As asserted above, Defendants' alleged activities did not subject it to specific jurisdiction in Washington. Therefore, Plaintiff must establish that Defendants are subject to the general jurisdiction of courts in Washington. However, plaintiff cannot establish that any of the Defendants had "substantial" and "continuous and systematic" activities within the forum state. Such activities must be pervasive in order to establish general jurisdiction. *Data Disc Inc. v. Systems Technology Associates Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). "[P]laintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic*, 897 F.2d at 699.

Defendants simply do not have any contacts with Washington. None of Defendants' principals or employees reside in Washington. *See* Asseoff Decl. at ¶ 6; Bernard Decl. at ¶ 6. Neither do Defendants have places of business in the State of Washington. *See* Asseoff Decl. at ¶¶ 2, 4; Bernard Decl. at ¶ 2. Defendants do not have any offices or employees in Washington. *Id.* They do not own or rent real property in Washington, and they have no bank accounts in Washington. They also have no telephone listings or mailing addresses in Washington. *Id.* No principals or employees of any of Defendants are registered to vote here, and none of them are licensed to drive here. Indeed, no party related to Defendants hold any licenses from the State of Washington. *Id.*

### 3. Defendants are Entitled to their Fees and Costs for this Motion.

Defendants request that the Court require that Plaintiff pay their fees and costs for making this motion. Plaintiff has brought repeated actions against out-of-state defendants under the same jurisdictional facts and have had those actions dismissed. Plaintiff has failed to satisfy the judgment against him. Despite prior court orders, Plaintiff seeks to avail himself of the benefit of this Court. In so doing, Plaintiff has subjected Defendants to an unnecessary burden and expense where jurisdiction is not proper.

WASH. REV. CODE § 4.28.185 provides, in pertinent part, that

"(5) In the event the defendant is personally served outside the state [pursuant to the Washington long arm statute], and prevails in the action,

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 14

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."

Similarly, FED. R. CIV. P. 11 provides that the Court may order sanctions against a party for making allegations in bad faith. In this case, Plaintiff brings an action against parties on identical claims to those already dismissed with prejudice for lack of personal jurisdiction. Indeed, Plaintiff has had substantially similar actions against out-of-state defendants dismissed for lack of personal jurisdiction several times, and is therefore aware of the jurisdictional limitations the United States Constitution affords its citizens. Accordingly, this Court should award Defendants their attorneys' fees and costs incurred to defend this case and bring this motion.

## V. CONCLUSION

Defendants have no contacts with Washington state. Therefore, Defendants respectfully request this Court dismiss with prejudice this action and Plaintiff's claims in their entirety based on lack of personal jurisdiction and award Defendants their reasonable attorneys' fees and costs.

DATED this 7th day of November 2002.

Respectfully Submitted,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____ WSBA #31794 For
Derek A. Newman, WSBA No. 26967
Roger Townsend, WSBA No. 25525

1001 Fourth Avenue, Suite 2560
Seattle, Washington 98154
(206) 624-6334 phone
(206) 624-6348 fax

Attorneys for Defendants Memolink, Inc., Trifecta Advertising, Inc. and Mindshare Design, Inc.

MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
C02-2183Z - Page 15

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of November 2002, I caused the foregoing **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT THEREOF; DECLARATION OF DANIEL AMATO IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DECLARATION OR ROGER TOWNSEND IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; PROPOSED ORDER OF DISMISSAL FOR LACK OF PERSONAL JURISDICTION** to be served via the methods listed below on the following parties

**VIA ABC LEGAL MESSENGER:**

D. Michael Tomkins, Esq
Tomkins & Associates
8420 Dayton Avenue N
Seattle, WA 98103

Dietrich Biemiller, Esq.
8420 Dayton Avenue N
Seattle, WA 98103

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on November 7, 2002, at Seattle, Washington

*DIANA AU* (signature)
Diana Au

CERTIFICATE OF SERVICE

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348