The Honorable Thomas S. Zilly

CV 02-02183 -00000035

FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 13 2003 PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JOEL HODGELL, an individual<br><br>Plaintiff,<br><br>v<br><br>MEMOLINK, INC, a New York corporation, TRIFECTA ADVERTISING, LLC, a Colorado limited liability company, MINDSHARE DESIGN, INC., a California corporation, TOPICA, INC, a California corporation<br><br>Defendants | NO. C02-2183Z<br><br>MOTION FOR ATTORNEYS' FEES AND REQUEST FOR PUBLICATION<br><br>NOTE ON MOTION CALENDAR<br>March 28, 2003 |

## I. INTRODUCTION

Defendants Mindshare Design, Inc. ("Mindshare") and Topica, Inc ("Topica") move the Court for an award of the attorneys' fees pursuant to RCW § 4.28.185(5). Additionally, because the Court's February 19, 2003, Order (Dkt # 32) (hereinafter the "Order") rules on a matter of law of substantial significance to Application Service Providers ("ASPs") and regards the application of personal jurisdiction to an emerging area of law that has not been the subject of a published opinion in the federal courts, the Defendants respectfully request that the Court publish the Order.

MOTION FOR ATTORNEYS' FEES AND
PUBLICATION OF PRIOR ORDER
C02-2183Z - Page 1

ORIGINAL

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348



## II. ISSUES PRESENTED

A. Whether attorneys' fees should be granted pursuant to RCW § 4 28.185 when two ASPs with no contact with Washington are haled into a Washington court.

B. Whether the Court should publish the Order

## III. ARGUMENT AND AUTHORITY

A <u>Washington Law Provides for an Award of Defendants' Attorneys' Fees</u>

The Washington Long-Arm statute provides for an award of attorneys' fees where a defendant is dismissed for lack of personal jurisdiction [1] RCW § 4 28.185 states, in pertinent part, that

> (5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees

Washington Courts regularly award attorneys' fees to defendants who are dismissed for lack of personal jurisdiction. *See, e g , CTVC of Hawaii, Co , Ltd v Shinawatra*, 82 Wn. App 699, 722, 919 P 2d 1243 (1996); *Walker v Bonney-Watson* Co , 64 Wn. App. 27, 36, 823 P.2d 518 (1992).

In the present matter, the Court dismissed Topica and Mindshare from this matter on the grounds that

> Plaintiff failed to produce any evidence that defendant Mindshare did more than provide e-mail delivery technology and software to customers, a passive action that is not sufficient to establish personal jurisdiction over Mindshare Similarly, the plaintiff failed to produce any evidence that defendant Topica did more than provide e-mail delivery technology and software to its customers, a passive action that is not sufficient to establish personal jurisdiction over Topica

Order at p 9 As the Court conclusively ruled, Plaintiff should not have filed the underlying claims against these Defendants in Washington.

---

[1] In considering a motion for attorneys' fees, the Court looks to applicable state law '[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorneys' fees or giving a right thereto, which reflects a substantial policy of the state, should be followed " *Alyeska Pipeline Service co v Wilderness Society*, 421 U S 240, 259, 95 S Ct 1612, fn 31 (1975) (citing, 6 J Moore, Federal Practice P 54 77 [2], pp 1712-1713 (2d ed 1974) and 2 S Speiser, Attorneys' Fees § § 14 3, 14 4 (1973), Annotation, Prevailing Party's Right to Recover Counsel Fees in Federal Courts, *8 L Ed 2d 894, 900-901)*, *See also, Bevard v Farmers Ins Exchange*, 127 F 3d 1147, 1148 (9th Cir 1997)

MOTION FOR ATTORNEYS' FEES AND
PUBLICATION OF PRIOR ORDER
C02-2183Z - Page 2

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

Moreover, as the record (and the Court's docket) reflects, Plaintiff is in the practice of filing multiple lawsuits under Washington's Unsolicited Commercial Email ("UCE") law, RCW § 19.190. In at least one case, a Washington court issued a judgment against Mr Hodgell pursuant to RCW § 4 28.185(5) *See November 7, 2003 Townsend Decl (Dkt # 5), at ¶ 2, Exhibit A* Plaintiff knew or should have known that personal jurisdiction was not proper against an ASP that had no contact with Plaintiff and merely provided software for the distribution of email by third parties Moreover, Plaintiff refused to disclose his email addresses upon request from counsel, *see Declaration of Ted Bernard (Dkt # 20), at ¶ 15, and Second Declaration of Ted Bernard at (Dkt # 30) ¶14-16,* or avail himself of established and effective means to prevent receipt of emails from Defendants because he was "not required by any law or regulation to 'unsubscribe' or 'remove' [his] email addresses from any spammer's spam list(s)." *See Hodgell Decl (re Reconsideration) at ¶ 10* This conduct constitutes bad faith and has cost Defendants substantial amounts in attorneys' fees and costs, which should properly be borne by Plaintiff

Accordingly, Defendants respectfully request an award of reasonable attorneys' fees incurred to defend in this action pursuant to RCW § 4 28.185(5) In the event the Court grants this motion, Defendants will submit an attorneys' fees declaration providing for the amount of reasonable fees

B. <u>Publication Will Provide Valuable Guidance and is in the Public's Interest</u>

Unsolicited commercial email (UCE) laws are an emerging area of litigation To date, 26 states have passed laws regulating the distribution of UCE[2]. As the Order recognizes, the application of personal jurisdiction doctrine to UCE has not been the subject of a published opinion As a result, ASPs are required to defend litigation in

---

[2] Currently, there are no federal laws regulating UCE The states which have passed laws regulating UCE are Arkansas, California, Colorado, Connecticut, Delaware, Idaho, Illinois, Iowa, Kansas, Louisiana, Maryland, Minnesota, Missouri, Nevada, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Virginia, Washington, West Virginia, Wisconsin

MOTION FOR ATTORNEYS' FEES AND
PUBLICATION OF PRIOR ORDER
C02-2183Z - Page 3

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

forums across the country even where jurisdiction is clearly improper. Currently, UCE Plaintiffs can allege that traditional personal jurisdiction analysis does not apply because the Internet is available globally. Publication of the Order will provide guidance on personal jurisdiction against ASPs.

## IV. CONCLUSION

For the foregoing reasons, Defendants Mindshare and Topica respectfully request the Court for (i) an award of reasonable attorneys' fees pursuant to RCW § 4.28.185(5) and (ii) to publish the Order.

DATED this 13th day of March 2003

Respectfully Submitted,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____
Derek A. Newman, WSBA No. 26967
Roger Townsend, WSBA No. 25525
1001 Fourth Avenue, Suite 2560
Seattle, Washington 98154
(206) 624-6334 phone
(206) 624-6348 fax

Attorneys for Defendants

MOTION FOR ATTORNEYS' FEES AND
PUBLICATION OF PRIOR ORDER
C02-2183Z - Page 4

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of March 2003, I caused the foregoing **MOTION FOR ATTORNEYS' FEES AND REQUEST FOR PUBLICATION; PROPOSED ORDER RE MOTION FOR ATTORNEYS' FEES AND REQUEST FOR PUBLICATION AND CERTIFICATE OF SERVICE** to be served via the methods listed below on the following parties:

**Via U.S. MAIL AND FAX to**

Dietrich Biemiller, Esq
Law Offices of Dietrich Biemiller
8420 Dayton Avenue North
Seattle, WA 98103

Fax (206) 297-5990

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on March 13th 2003, at Seattle, Washington.

*DIANA AU*
Diana Au

CERTIFICATE OF SERVICE

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone (206) 624-6334
fax (206) 624-6348