
CV 02-02183 #00000037


FILED ENTERED
LODGED RECEIVED

APR 2 9 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL HODGELL, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>MEMOLINK, INC., a New York corporation, TRIFECTA ADVERTISING, LLC, a Colorado Limited Liability Company, MINDSHARE DESIGN, INC., a California corporation, TOPICA, INC., a California corporation,<br><br>        Defendants. | No. C02-2183Z<br><br>ORDER |



This matter comes before the Court on a Motion for Attorney's Fees by Defendants Mindshare Design, Inc. ("Mindshare") and Topica, Inc. ("Topica"), docket no. 35. The Court has reviewed and considered each brief submitted by the parties and hereby makes the following ruling.

## BACKGROUND

Plaintiff Joel Hodgell filed suit against Defendants Mindshare and Topica on September 26, 2002. Hodgell sought recovery under Washington's Commercial Electronic Mail Act (RCW 19.190), Consumer Protection Act (RCW 19.86), and under the common law doctrine of trespass to chattels, harassment, and theft of services (RCW 4.04.010).

ORDER -1-

Defendants Memolink and Trifecta are nonresident businesses that market their goods and services through unsolicited commercial email ("spam") through the Internet. See Defendants' Motion to Dismiss, docket no. 4, at 4. Defendants Mindshare and Topica, also nonresident businesses, are application service providers (ASPs) that have assisted Memolink and Trifecta in the transmission of commercial emails. See id.

The Court dismissed Hodgell's claims against Defendants on February 19, 2003, finding a lack of personal jurisdiction under Washington's long arm statute because Defendants did not purposefully direct any activity in a substantial way toward Washington. See Order, docket no. 32, at 1. Defendants Mindshare and Topica now move to recover their attorneys fees pursuant to RCW 4.28.185.

# DISCUSSION

## Standard

RCW 4.28.185 is Washington's long arm statute. Hodgell initiated his suits against Defendants claiming personal jurisdiction under RCW 4.28.185. This Court, however, dismissed Defendants Mindshare and Topica for lack of personal jurisdiction under Washington's long arm statute.

RCW 4.28.185(5) authorizes the award of attorney fees when a foreign defendant prevails on jurisdictional grounds. Scott Fetzer Co. v. Weeks, 114 Wn.2d 109, 110 (1990). This provision is discretionary, rather than mandatory, Chemical Bank v. Washington Public Power Supply System, 104 Wn.2d 98, 101 (1985), and provides:

> (5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW 4.28.185(5). Fees awarded are limited to the "amount necessary to compensate [defendant] for the added litigative burdens resulting from plaintiff's use of the long arm statute." Scott Fetzer Co., 114 Wn.2d at 120. The proper method to determine the fees is the

ORDER -2-

lodestar method. Id. at 124. The lodestar is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter; adjustment is permitted to the lodestar where appropriate Id.

There is no requirement that a defendant prevail on the merits of the case Id. at 112. The standard that has long been applied by Washington courts was first announced in 1974 in State v. O'Connell, 84 Wn.2d 602 (1974). O'Connell gave the Court a series of questions to be answered in making its determination on whether fees should be awarded under the long arm statute:

> Is the action frivolous and brought only to harass the defendant? If that question is answered in the negative, the test should then be: Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state, and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

O'Connell, 84 Wn.2d at 606 While the Court in Scott Fetzer Co. noted that a mere incantation of "fair play and substantial justice" cannot justify an award of fees, the Washington Supreme Court in Chemical Bank stated that the underlying purpose behind the attorney fees provision of the long arm statute was to bring the long-arm statute within "traditional notions of fair play and substantial justice." Chemical Bank, 104 Wn 2d at 103-04 (citing International Shoe Co. v Washington, 326 U.S 310 (1945))

The Court in Chemical Bank found "the letter and spirit of the provision allowing award of attorney fees are met only when the defendant can show that joinder in a Washington action was so inconvenient and unduly burdensome that traditional notions of fair play and justice would be violated absent an award of attorney fees." Chemical Bank, 104 Wn.2d at 104, See also Comment, *The Award of Attorney's Fees to Prevailing Defendants Under the Washington Long Arm Statute*, 63 WASH. L REV 125, 140 (1988)

ORDER -3-

## Analysis

First, the Court must determine if the plaintiff's action was frivolous and brought only to harass the prevailing defendant. O'Connell, 84 Wn 2d at 606 The Court determines that Hodgell's actions against Defendants Mindshare and Topica were not frivolous and were not brought solely for the purpose of harassing the Defendants

Second, finding the action is not frivolous, the Court moves to the second prong of the analysis to determine if the award of attorney's fees is appropriate. Id The second prong grants prevailing defendants' fees if they were subjected to burdens and inconveniences by defending the action in Washington. Id This is established by three factors: (1) the burdens would have been avoided if the trial was conducted at the defendant's domicile; (2) the burdens are not balanced by conveniences to the defendant resulting from the trial of the action in Washington; (3) the burdens are sufficiently severe to justify the trial court's conclusion that notions of fair play and substantial justice will be violated absent an award of fees. Id The Court addresses each in turn.

### (1) Burdens would have been avoided in defendant's domicile

The Court is of the belief that the jurisdictional questions which plagued the actions defended against in federal court in Washington could not have been issues, by their nature, had the action been brought in Defendants' domicile.

### (2) Burdens not balanced by convenience to plaintiff of litigating in Washington

While each Defendant would certainly incur a benefit in litigating in its home state, there is also a benefit to a Washington plaintiff in receiving an adjudication in a Washington court, interpreting Washington law, where the allegedly wrongful conduct was directed at a Washington resident. On these facts – and with no argument to the contrary – this Court concludes that the benefit to Plaintiff balances any burden on Defendant of litigating in this forum.

ORDER -4-

**(3) Notions of fair play and substantial justice violated absent an award of fees**

While Defendants have alleged some burden to litigating in this forum, Defendants have not alleged that the burdens of litigating were substantially severe that "traditional notions of fair play and substantial justice" would be violated absent an award of attorney's fees. The Court believes that something more is required of Defendants than merely pointing out that it was haled into court in a forum and required to defend itself on jurisdictional grounds. Defendants have not pointed out why it would be unfair or unjust not to award fees in this case. As such, the Court determines that an award of fees is not required to vindicate "fair play and substantial justice."

## CONCLUSION

Plaintiff's suit was not brought frivolously or without good cause. An award of fees under RCW 4.28.185 is purely discretionary; an award of fees here would be punitive in nature and have a chilling effect on private citizens bringing suit under new and untested law.

For the above stated reasons, the Motion for Attorney's Fees by Defendants Mindshare and Topica, docket no. 35, is DENIED.

IT IS SO ORDERED

DATED this 29th day of April, 2003.

_____
THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

ORDER -5-